IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RICHARD LAMONT JOHNSON,

    Petitioner,

v.                                  Civil Action No. 3:15CV203

ROBERT MATHIESON, UNITED STATES
MARSHAL,

    Respondent.

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (Docket No. 5). For the reasons set forth below, the petition will be granted.

**BACKGROUND**

Petitioner Richard Lamont Johnson ("Johnson") was indicted by a federal grand jury on June 15, 1998, for aiding and abetting a bank robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. On January 15, 1999, Johnson pled guilty in accordance with the terms of a written plea agreement. On April 9, 1999, the Court imposed a sentence of 60 months imprisonment with three years of supervised release to follow. At the time that Johnson was sentenced in federal court, he was already incarcerated for state convictions, and his federal sentence was ordered to run consecutively to his state

sentence. Thus, Johnson was returned to state custody after the federal sentencing hearing.

The United States Marshals Office did not lodge a formal federal detainer against Johnson following his federal conviction. See Mem. of Law in Supp. of Unopposed Am. Pet., Exhibit 3 at p. 1 (Docket No. 6-3). Rather, a copy of the federal judgment and commitment order ("J&C") was faxed to Carl Pendell at Henrico County Jail. See id. at pp. 1, 3. No detainer was filed with state officials because at the time of Johnson's return to state custody in 1999 it was apparently standard practice for the State to accept a federal J&C as the functional equivalent of a detainer. Records from the Virginia Department of Corrections are inconsistent as to whether a federal detainer was ever lodged against Johnson. See Mem. of Law in Supp. of Unopposed Am. Pet., Exhibit 5 at pp. 2, 24, 26-27, 33, and 38 (Docket No. 6-5). In any event, by the time of his release from state custody in 2004, state records did not reflect a federal detainer or J&C applicable to the defendant.

Johnson was released from imprisonment for his state convictions and placed directly into state probation, rather than being transferred to serve the remainder of his federal sentence. Johnson was released from state custody on April 21, 2004 and was released from probation in Henrico County on June 27, 2005 and Richmond on July 28, 2005. See Mem. of Law in Supp. of Unopposed Am. Pet., Exhibits 7 and 8 (Docket Nos. 6-7 & 6-8).

At the time of Johnson's release from state custody, federal authorities evidently were not tracking his status to verify whether he had been transferred to the Bureau of Prisons following completion of his state sentence. In addition, the relevant facts associated with Johnson's federal bank robbery conviction were not entered into the National Crime Information Center ("NCIC") system. It was not until an internal audit conducted by the Marshal Service approximately six years after Johnson would have completed his federal sentence that Johnson was discovered missing. Before 2015, no effort was made by federal authorities to attempt to find the defendant.

In the years following his release in 2004, Johnson lived openly in the Richmond area. He remarried, was employed, and enrolled in classes at Virginia Union University, among other things. His only known encounters with the police over the next 11 years were two minor traffic infractions.

After being picked up and brought before the Court on April 1, 2015, Johnson filed a petition seeking release from custody and asking the Court to award him credit for his time at liberty following the erroneous release from state custody.

## DISCUSSION

The essential question here is whether Johnson can be granted credit toward the time remaining on his federal sentence for the time

that he has been at liberty following the erroneous release from state custody. That question implicates what is commonly referred to as the doctrine, or rule, of credit for time at liberty. See Vega v. United States, 493 F.3d 310, 314-15 (3d Cir. 2007). Most federal courts to consider this question in recent years – including this one – have applied the burden-shifting test developed in Vega v. United States to determine whether a petitioner is entitled to credit for time erroneously at liberty. See Lee v. Wilson, No. 1:11CV981, 2012 WL 3069407, at *7 (E.D. Va. July 26, 2012) aff'd, 518 F. App'x 147 (4th Cir. 2013). This common law test functions as follows:

> [I]n order for a prisoner to receive credit for time he was erroneously at liberty, the prisoner's habeas petition must contain facts that demonstrate that he has been released despite having unserved time remaining on his sentence. Once he has done this, the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or (2) that the prisoner obtained or retained his liberty through his own efforts.

Vega, 493 F.3d at 319.

Here, Johnson has clearly demonstrated that he was released notwithstanding that there was unserved time remaining on his federal sentence. As such, the burden shifts to the federal government to show a lack of negligence or that Johnson obtained or retained his liberty through his own efforts.

Courts have split as to whether the _imprisoning_ sovereign – rather than _any_ sovereign – must be negligent. Compare Clark v.

Floyd, 80 F.3d 371, 374 (9th Cir. 1996) (holding that negligence on the part of either the releasing or imprisoning sovereign is sufficient to allow credit for time erroneously at liberty) with Vega, 493 F.3d at 320 and Lee, 2012 WL 3069407, at *7 (holding that petitioner is not entitled to credit for erroneous time at liberty due to negligence on behalf of the releasing sovereign only). For the purposes of this case, however, an inquiry into this split in authority is unnecessary. Here, the parties themselves agree that the federal government was negligent. See Mem. of Law in Supp. of Unopposed Am. Pet. at 8 and Gov.'s Resp. to Def.'s Am. Pet. at 4. As the Government states:

> One could certainly argue that state officials were negligent in not maintaining a correct record of the defendant's federal J&C Order, or notifying the Marshals Service that an actual detainer needed to be filed to ensure that the defendant was not erroneously released. That question need not be answered, however, because even using the more forgiving standard adopted by the courts in Leggett and Vega the Government cannot meet its burden to show that federal authorities were not also negligent in allowing the defendant to remain at liberty for so long following his release from state custody.

Gov.'s Resp. to Def.'s Am. Pet. at 4. The Government notes that, "[a]t the time of the defendant's release from state custody, federal authorities evidently were not tracking the defendant's status to verify that had been transferred to the Bureau of Prisons following completion of his state sentence." Id. at 3. Furthermore, "the relevant facts associated with the defendant's federal bank robbery

5

conviction had not been entered into the NCIC system." Id. In short, no effort was made by federal authorities to attempt to find the defendant before 2015. Id. The Government also acknowledges that "the defendant lived openly in the Richmond area" and made no attempt to evade the authorities. Id.

Based on the facts presented and unopposed argument, the Court finds that Johnson was released notwithstanding that there was unserved time remaining on his federal sentence and that the Government is unable to prove either that there was no negligence on the part of the imprisoning sovereign, or that Johnson obtained or retained his liberty through his own efforts. Therefore, the Court holds that Johnson's time at liberty since his release from state custody in 2004 should be credited to his unserved term of imprisonment and his unserved term of supervised release.

## CONCLUSION

For the foregoing reasons, the AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (Docket No. 5) will be granted.[1]

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 16, 2015

---

[1] Pending resolution of this petition, Johnson was place on pretrial release with the standard terms. He violated those terms and a petition on pretrial release is pending. That, of course, is a separate matter.